## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**UNITED STATES OF AMERICA**                                                            **PLAINTIFF**

**v.**                                        **Case No. 4:17-cr-00296 KGB**

**VALENT WOOD**                                                                         **DEFENDANT**

### ORDER

Before the Court are motions for compassionate release filed *pro se* by defendant Valent Wood and filings the Court construes as requests by Ms. Wood to supplement her motions (Dkt. Nos. 56, 60, 62-65). The government responded in opposition to the motion (Dkt. No. 61). For the following reasons, the Court denies Ms. Wood's motions for compassionate release (Dkt. Nos. 56, 62, 64).

**I.      Background**

On May 29, 2019, Ms. Wood pled guilty to possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(A) (Dkt. No. 46). Ms. Wood was sentenced on September 4, 2019, to a term of 120 months in the Federal Bureau of Prisons ("BOP") to be followed by five years of supervised release (Dkt Nos. 53, 54).[1]

In support of her motion, Ms. Wood alleges that she is a 36 year old female who suffers from obesity, hypertension, and sickle cell trait (Dkt. No. 64, at 2-3), all of which she maintains put her at greater risk for complications should she contract COVID-19. She maintains that the conditions in which she currently is housed in the BOP do not permit her to take adequate

---

[1] At the time Ms. Wood was sentenced, the Honorable Leon Holmes presided over this case. The case was reassigned after Judge Holmes's retirement (Dkt. No. 57).

precautions to safeguard against COVID-19 (Dkt. No. 56, at 5-9). Ms. Wood also cites her six young children, arguing that her children need her at home for support and guidance, that three of her children have special needs, that her spouse is deceased, and that her mother who has other family caregiving responsibilities is currently caring for Ms. Wood's children (*Id.*, at 18).

In its response to Ms. Wood's motions, the government concedes this Court has jurisdiction to consider the motions but maintain that compassionate release is not warranted in Ms. Wood's case (Dkt. No. 61, at 1-2). The Court acknowledges that Ms. Wood has made several filings in further support of her request for compassionate release since the government filed its response (Dkt. Nos. 62-65).

## II.     Discussion

This Court has received release requests during the current pandemic that reference the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020), and that reference what is often referred to as the "compassionate release" provision set forth in 18 U.S.C. § 3582(c)(1)(A).

Section 12003 of the CARES Act presently and temporarily provides for expanded prisoner home confinement under the framework set out in 18 U.S.C. § 3624(c). *See* CARES Act, Pub. L. No. 116-136, § 12003, 134 Stat. 281, 515–17 (2020). The CARES Act places decision-making authority solely within the discretion of the Attorney General and the Director of the BOP. *See id.*; *accord* 18 U.S.C. § 3624(c)(2). Courts therefore do not have power to grant relief under Section 12003 of the CARES Act. To the extent Ms. Wood seeks relief from this Court under the CARES Act, the Court denies his motion.

The Court interprets Ms. Wood's motion to be a request pursuant to the compassionate release provision of the First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194,

5239–40 (2018) (codified at 18 U.S.C. § 3582).  For the following reasons, the Court denies Ms. Wood's motion for compassionate release.

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States,* 560 U.S. 817, 825 (2010) (alterations in original) (quoting 18 U.S.C. § 3582(b)). Once a district court has pronounced sentence and the sentence becomes final, the district court may only reconsider or alter the sentence pursuant to statutory authority.  *See United States v. Addonizio,* 442 U.S. 178, 189–90 (1979).  The compassionate release provision permits a district court to modify a term of imprisonment after it is imposed.  *See* 18 U.S.C. § 3582(c)(1)(A).

Until passage of the First Step Act, under the then-governing statute, only the BOP could seek from a district court compassionate release on behalf of an incarcerated federal defendant for extraordinary and compelling reasons.  The First Step Act amended the statute to authorize defendants to seek compassionate release on their own behalf, provided that the defendant first asks the BOP to do so and exhausts administrative appeals following denial of this request by the BOP.  *See* 18 U.S.C. § 3582(c)(1).  Specifically, an inmate may seek a compassionate release directly from the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A).  The BOP may oppose a defendant's motion for compassionate release.  The statute authorizes the district court to grant compassionate release, over the BOP's objection, under certain circumstances.  The government acknowledges that it appears Ms. Wood has satisfied the exhaustion requirement and that this Court has jurisdiction (Dkt. No. 61, at 1-2).

Although the First Step Act does not define the phrase "extraordinary and compelling," it defers to the United States Sentencing Guidelines, which does set out examples. The Court acknowledges that this list predates the COVID-19 outbreak. U.S.S.G § 1B1.13 cmt. n.1. The examples are: (1) the defendant's medical condition is such that he suffers from a "terminal illness" or the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (2) "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less; (3) the defendant's family circumstances include either "(i) [t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) [t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." *Id.*

Ms. Wood meets neither the minimum age nor the served-time requirement under the Guidelines, based on the Court's review of this record. Ms. Wood does not argue that she meets either of these requirements. Instead, Ms. Wood cites her current health situation, the conditions in which she is confined, and her children and family obligations in support of her motion. The government acknowledges that Ms. Wood is obese, which the Centers for Disease Control and Prevention ("CDC") recognizes as a risk factor associated with COVID-19, and that she has been diagnosed with hypertension, which the CDC has indicated might be a risk factor associated with COVID-19 (Dkt. No. 61, at 4-5). The government specifically notes that Ms. Wood has been diagnosed with sickle cell trait, which is different from sickle cell disease that has been recognized by the CDC as a risk factor associated with COVID-19 (*Id.*). The government does not dispute

that Ms. Wood has these conditions, nor does the government dispute that, if the Court determines that Ms. Wood has a medical condition that the CDC has identified as a risk factor for COVID-19 and from which she is not expected to recover, the Court could reasonably find the existence of an extraordinary and compelling reason for compassionate release if the other criteria also are met (*Id.*, at 4-5). Here, the government maintains that Ms. Wood poses a risk to the community if she were to be released (*Id.*, at 10-13).

The Court acknowledges that Ms. Wood cites her children and family obligations in support of her motion. She does not claim that her mother is unable to care for the children (Dkt. No. 56, at 18). The government notes for the Court that "it appears that [Ms. Wood] did not have physical custody of her children for a period of two or three years prior to her incarceration. . . ." (Dkt. No. 61, at 110. Her mother appears to have had custody of Ms. Wood's children at that time, as well (*Id.*). The government also maintains that, at the time Ms. Wood was stopped for speeding for this offense, four children were in the car with her along with 5,000 ecstasy pills in plastic zipper bags underneath the seat where her children were sitting (*Id.*, at 1). Ms. Wood was responsible for her children and family obligations while she was involved in the criminal conduct giving rise to this conviction and at the time this Court initially sentenced Ms. Wood. For these reasons, although the Court is sympathetic, the Court cannot conclude this is an extraordinary or compelling reason sufficient to qualify for compassionate release. Each criminal defendant who appears before the Court puts his or her family through hardship as a result of criminal conduct; this circumstance unfortunately is not unique to Ms. Wood.

Even if Ms. Wood could establish extraordinary and compelling reasons, the Court would deny her request for compassionate release based on consideration of the 18 U.S.C. § 3142(g) and 18 U.S.C. § 3553(a) factors, all of which the Court has considered. Specifically, here, the Court

considers the nature and circumstances of the offense, the history and characteristics of Ms. Wood, and protecting the public from additional crimes by Ms. Wood. *See* 18 U.S.C. §§ 3142(g)(1), (4); 18 U.S.C. §§ 3553(a)(1), (2)(c). Ms. Wood's criminal history weighs against granting her motion (Dkt. No. 61, at 10-12). Further, based on her criminal history and her conduct while on pretrial release for the instant offense of conviction, when given the opportunity to do so in the past, Ms. Wood has failed to conform her conduct to what the law requires (*Id.*). Based on the record before the Court and for the reasons explained, the Court denies her motions for compassionate release at this time.

### III.    Conclusion

Based on the findings of fact and conclusions of law above, the Court denies Ms. Wood's motions for compassionate release (Dkt. Nos. 56, 62). The Court construes Ms. Wood's supplemental petition for motion to voluntary dismiss the reply to government's response as a request by Ms. Wood to supplement her requests for compassionate release (Dkt. No. 64). The Court permits Ms. Wood to supplement her requests for compassionate release, has considered all filings made by Ms. Wood and the government in this matter, and denies Ms. Wood's motions for compassionate release for the reasons explained in this Order.

It is so ordered this 6th day of October, 2020.

_Kristine G. Baker_
Kristine G. Baker
United States District Judge