IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                                      PLAINTIFF

v.                                          Case No. 4:17-cr-00296 KGB

VALENT WOOD                                                                   DEFENDANT

## ORDER

Pending before the Court is a second round of filings by *pro se* by defendant Valent Wood

seeking compassionate release and filings the Court construes as requests by Ms. Wood to

supplement her second request for compassionate release (Dkt. Nos. 71, 76, 77, 78).  Although

directed to file a response if it chose to do so, the government did not respond to this most recent

filing (Dkt. No. 73).  For the following reasons, the Court denies without prejudice based on

exhaustion Ms. Wood's second round of filings for compassionate release (Dkt. Nos. 71, 76, 77,

78).

### I.      Background

On May 29, 2019, Ms. Wood pled guilty to possession with intent to distribute

methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(A) (Dkt. No.

46).[1]  Ms. Wood was sentenced on September 4, 2019, to a term of 120 months in the Federal

Bureau of Prisons ("BOP") to be followed by five years of supervised release (Dkt Nos. 53, 54).[2]

---

[1]  Ms. Wood, in her current filing, represents that she pled "nolo contendere" to the charge
(Dkt. No. 71).  The docket reflects that Ms. Wood pled guilty (Dkt. No. 46).

[2]  At the time Ms. Wood was sentenced, the Honorable Leon Holmes presided over this
case.  The case was reassigned after Judge Holmes's retirement (Dkt. No. 57).

On July 23, 2020, Ms. Wood first moved for compassionate release (Dkt. No. 56). The government opposed the motion (Dkt. No. 61). The Court denied Ms. Wood's first motion for compassionate release in an Order entered October 6, 2020 (Dkt. No. 66). The Court concluded that Ms. Wood did not establish extraordinary and compelling reasons for compassionate release and that, even if she did, the Court would deny her motion based on consideration of the 18 U.S.C. § 3142(g) and 18 U.S.C. § 3553(a) factors, specifically the nature and circumstances of the offense, the history and characteristics of Ms. Wood, and protecting the public from additional crimes by Ms. Wood. A little over one month later, Ms. Wood filed this second request for compassionate release (Dkt. No. 71).

In support of her second request for compassionate release, Ms. Wood claims that she exhausted her administrative remedy (Dkt. No. 71, at 1). She initially claimed that a substantial change in circumstances warranted her new motion for compassionate release and further cited her then-existing medical reasons (*Id.*). While this second motion for compassionate release has been pending, it appears to the Court that Ms. Wood contracted COVID-19 in January 2021 (Dkt. No. 76). Although Ms. Wood appears to have recovered from COVID-19, she now claims that she is suffering from long term medical effects as of June 2021, including loss of taste, loss of smell, severe hair loss, weakness, severe indigestion, migraine headaches, and blurred vision (Dkt. No. 79, at 1). She also claims on-going medical issues related to chronic hypertension, heart medication, and mental health (*Id.*).

## II.     Discussion

This Court has received release requests during the current pandemic that reference the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134

Stat. 281 (2020), and that reference what is often referred to as the "compassionate release" provision set forth in 18 U.S.C. § 3582(c)(1)(A).

Section 12003 of the CARES Act presently and temporarily provides for expanded prisoner home confinement under the framework set out in 18 U.S.C. § 3624(c). *See* CARES Act, Pub. L. No. 116-136, § 12003, 134 Stat. 281, 515–17 (2020). The CARES Act places decision-making authority solely within the discretion of the Attorney General and the Director of the BOP. *See id.*; *accord* 18 U.S.C. § 3624(c)(2). Courts therefore do not have power to grant relief under Section 12003 of the CARES Act. To the extent Ms. Wood seeks relief from this Court under the CARES Act, the Court denies her motion.

The Court interprets Ms. Wood's pending motion to be a request pursuant to the compassionate release provision of the First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239–40 (2018) (codified at 18 U.S.C. § 3582). For the following reasons, the Court denies without prejudice based on exhaustion Ms. Wood's current motion for compassionate release.

### A.      Requirements Of The First Step Act

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States,* 560 U.S. 817, 825 (2010) (alterations in original) (quoting 18 U.S.C. § 3582(b)). Once a district court has pronounced sentence and the sentence becomes final, the district court may only reconsider or alter the sentence pursuant to statutory authority. *See United States v. Addonizio,* 442 U.S. 178, 189–90 (1979). The compassionate release provision permits a district court to modify a term of imprisonment after it is imposed. *See* 18 U.S.C. § 3582(c)(1)(A).

Until passage of the First Step Act, under the then-governing statute, only the BOP could seek from a district court compassionate release on behalf of an incarcerated federal defendant for extraordinary and compelling reasons. The First Step Act amended the statute to authorize defendants to seek compassionate release on their own behalf, provided that the defendant first asks the BOP to do so and exhausts administrative appeals following denial of this request by the BOP. *See* 18 U.S.C. § 3582(c)(1). Specifically, an inmate may seek a compassionate release directly from the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). The Eighth Circuit Court of Appeals has determined that this requirement is a mandatory claims-processing rule. *United States v. Houck*, 2 F.4th 1082, 1084 (8th Cir. 2021). As a result, "courts dismiss unexhausted compassionate-release motions without prejudice." *Id.* If an inmate properly exhausts and then pursues relief directly from the sentencing court, the BOP may oppose a defendant's motion for compassionate release. The statute authorizes the district court to grant compassionate release, over the BOP's objection, under certain circumstances.

Although the First Step Act does not define the phrase "extraordinary and compelling," it defers to the United States Sentencing Guidelines, which does set out examples. The Court acknowledges that this list predates the COVID-19 outbreak. U.S.S.G § 1B1.13 cmt. n.1. The examples are: (1) the defendant's medical condition is such that he suffers from a "terminal illness" or the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (2) "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or

75 percent of his or her term of imprisonment, whichever is less; (3) the defendant's family circumstances include either "(i) [t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) [t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." *Id.*

Ms. Wood meets neither the minimum age nor the served-time requirement under the Guidelines, based on the Court's review of this record. Ms. Wood does not argue that she meets either of these requirements. Instead, when she filed initially this second motion for compassionate release, Ms. Wood cited what she described as a changed circumstance with her children and family obligations; made arguments regarding drug weight calculations and her role in the offense of conviction; and generally cited her medical conditions that place her at high risk for infection in support of her motion (Dkt. No. 71). While this second motion for compassionate release has been pending, it appears to the Court that Ms. Wood contracted COVID-19 in January 2021 (Dkt. No. 76). Although Ms. Wood appears to have recovered from COVID-19, she now claims that she is suffering from long term medical effects as of June 2021, including loss of taste, loss of smell, severe hair loss, weakness, severe indigestion, migraine headaches, and blurred vision (Dkt. No. 79, at 1). She also claims on-going medical issues related to chronic hypertension, heart medication, and mental health (*Id.*).

The Court directed the government to respond to Ms. Wood's most recent filing by a date certain, if it chose to respond (Dkt. No. 73). To date, the government has not responded to this second request for compassionate release.

B.      Exhaustion

Ms. Wood claimed in her filing dated November 23, 2020, that she exhausted administrative remedies regarding this second request for compassionate release (Dkt. No. 71, at 1). There is no evidence in the record before the Court that Ms. Wood presented the changed circumstances that she cites now before the Court in support of her second motion for compassionate release to the BOP for consideration before filing this second request for compassionate release. Instead, Ms. Wood simply makes the statement that she exhausted.

In a written Order entered October 6, 2020, the Court denied Ms. Wood's first motion for compassionate release (Dkt. No. 66). A little over one month later, she filed this second motion citing changed circumstances (Dkt. No. 71).

Further, Ms. Wood's COVID-19 diagnosis, claims of long term medical effects as of June 2021, and alleged on-going medical issues appear to have developed while this second motion for compassionate release has been pending, and there is no indication in the record before the Court that Ms. Wood has informed the BOP of these issues so as to permit the BOP to pass first on whether compassionate release is appropriate for Ms. Wood under these claimed changed circumstances.

This Court acknowledges that, in *United States v. Houck*, 2 F.4th 1082 (8th Cir. 2021), the Eighth Circuit Court of Appeals was confronted with a newly filed, first request for compassionate release, not a second request like Ms. Wood currently has pending. Further, in *Houck*, the government raised the exhaustion issue in response to the filing. *Id.* at 1084. Exhaustion was not at issue with respect to Ms. Wood's first motion for compassionate release (Dkt. No. 66, at 3), and the government has opted to date not to respond to her second request for compassionate release. However, the Eighth Circuit determined that the exhaustion requirement is a mandatory claims-

processing rule and that, under the circumstances presented in *Houck*, courts should dismiss without prejudice unexhausted compassionate-release motions. *Id.* at 1084.

This Court determines that, on the record before it, the better course is for the Court to dismiss without prejudice Ms. Wood's second request for compassionate release to permit Ms. Wood to raise with the BOP first the changed circumstances she cites in support of her second request for compassionate release. If when confronted with Ms. Wood's current claims regarding changed circumstances the BOP rejects her request for compassionate release or fails to act within 30 days, Ms. Wood may refile her second request for compassionate release with this Court.

### C.    Claimed Change In Family Circumstance

The Court addressed Ms. Wood's argument regarding her children and family obligations in its Order denying her first motion for compassionate release (Dkt. No. 66). In her most recent filing, Ms. Wood cites the death of the father of two of her minor children (Dkt. No. 71, at 5). Ms. Wood has six children. The record before the Court indicates that all of her minor children are in the care of her 60 year old mother currently (*Id.*). The Court determines that these claimed changed circumstances should be presented to the BOP first to determine whether Ms. Wood merits compassionate release as a result. After exhausting that step of seeking relief from the BOP first, Ms. Wood may petition this Court again, if necessary.

### D.    Underlying Offense

In her most recent filing, Ms. Wood seeks to relitigate issues related to her sentencing in this case, including but not limited to drug weight and her role in the underlying offense (Dkt. No. 71, at 6-10). The Court is not convinced that these are proper arguments for this Court's consideration at this stage of the proceeding.

### E.      Claimed Change In Medical Condition

In its response to Ms. Wood's first motion for compassionate release, the government acknowledged that Ms. Wood is obese, which the Centers for Disease Control and Prevention ("CDC") recognizes as a risk factor associated with COVID-19, and that she has been diagnosed with hypertension, which the CDC has indicated might be a risk factor associated with COVID-19 (Dkt. No. 61, at 4-5).  The government specifically noted that Ms. Wood has been diagnosed with sickle cell trait, which is different from sickle cell disease that has been recognized by the CDC as a risk factor associated with COVID-19 (*Id.*).  The government did not dispute in response to her first motion for compassionate release that Ms. Wood has these conditions, nor did the government dispute that, if the Court determined that Ms. Wood has a medical condition that the CDC has identified as a risk factor for COVID-19 and from which she is not expected to recover, the Court could reasonably find the existence of an extraordinary and compelling reason for compassionate release if the other criteria also are met (*Id.*, at 4-5).  Instead, the government argued for other reasons that the Court should deny the motion.

When she initially filed her second request for compassionate release, Ms. Wood did not focus on her medical condition (Dkt. No. 71).  She cited it but said very little about it in support of her request.  She did not make any argument in that filing that her medical condition had changed since the Court denied her first motion for compassionate release.

While this second motion for compassionate release has been pending, it appears to the Court that Ms. Wood contracted COVID-19 in January 2021 (Dkt. No. 76).  Although Ms. Wood appears to have recovered from COVID-19, she now claims that she is suffering from long term medical effects as of June 2021, including loss of taste, loss of smell, severe hair loss, weakness, severe indigestion, migraine headaches, and blurred vision (Dkt. No. 79, at 1).  She also claims

on-going medical issues related to chronic hypertension, heart medication, and mental health (*Id.*). There is no verifying medical evidence before the Court, although Ms. Wood has presented the Court with documentation regarding her complaints and requests for treatment with regard to these issues (Dkt. No. 79).

The Court determines that these claimed changed circumstances should be presented to the BOP first to determine whether Ms. Wood merits compassionate release as a result. After exhausting that step of seeking relief from the BOP first, Ms. Wood may petition this Court again, if necessary.

### F.     Additional Considerations

The Court observes that the arguments regarding the circumstance with her children and family obligations; arguments regarding drug weight calculations and her role in the offense of conviction; and her medical conditions whether pre-existing or related to COVID-19 all relate to whether Ms. Wood can establish extraordinary and compelling reasons. Even if Ms. Wood can establish extraordinary and compelling reasons, the Court still is required to consider the 18 U.S.C. § 3142(g) and 18 U.S.C. § 3553(a) factors to determine whether compassionate release is appropriate. At this time, given the Court's determination on exhaustion, the Court declines to address these factors in this Order.

### III.    Conclusion

For the reasons explained in this Order, the Court denies without prejudice based on exhaustion Ms. Wood's second request for compassionate release (Dkt. Nos. 71, 76, 77, 78).

It is so ordered this 13th day of October, 2021.

Kristine G. Baker
United States District Judge