IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                    Case No. 4:17-cr-00296 KGB

VALENT WOOD                                                                                  DEFENDANT

**ORDER**

Before the Court are Valent Wood's motion for reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) based on extraordinary and compelling reasons (Dkt. No. 86) and a *pro se* motion for release from custody (Dkt. No. 98). The United States responded in opposition to the motion for reduction in sentence (Dkt. No. 89), and Ms. Wood replied (Dkt. No. 90). The United States also responded in opposition to Ms. Wood's motion for release from custody (Dkt. No. 103). For the following reasons, the Court denies Ms. Wood's motion for reduction in sentence, which the Court construes as a third motion for compassionate release (Dkt. No. 86), and the Court denies without prejudice for failure to exhaust Ms. Wood's motion for release from custody, which the Court construes as a fourth motion for compassionate release (Dkt. No. 98).

**I.     Background**

On May 29, 2019, Ms. Wood pled guilty to possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(A) (Dkt. No. 46). Ms. Wood was sentenced on September 4, 2019, to a term of 120 months in the Federal Bureau of Prisons ("BOP") to be followed by five years of supervised release (Dkt Nos. 53, 54).[1]

---

[1] At the time Ms. Wood was sentenced, the Honorable Leon Holmes presided over this case. The case was reassigned after Judge Holmes's retirement (Dkt. No. 57).

On July 23, 2020, Ms. Wood first moved for compassionate release (Dkt. No. 56). The United States opposed the motion (Dkt. No. 61). The Court denied Ms. Wood's first motion for compassionate release in an Order entered October 6, 2020 (Dkt. No. 66). The Court concluded that Ms. Wood did not establish extraordinary and compelling reasons for compassionate release and that, even if she did, the Court would deny her motion based on consideration of the 18 U.S.C. § 3142(g) and 18 U.S.C. § 3553(a) factors, specifically the nature and circumstances of the offense, the history and characteristics of Ms. Wood, and protecting the public from additional crimes by Ms. Wood.

A little over one month later, Ms. Wood filed a second request for compassionate release, which she supplemented several times (Dkt. Nos. 71, 76, 77, 78, 79). In support of her second request for compassionate release, Ms. Wood claimed that she exhausted her administrative remedy (Dkt. No. 71, at 1). She initially claimed that a substantial change in circumstances warranted her new motion for compassionate release and further cited her then-existing medical reasons (*Id.*). While this second motion for compassionate release was pending, Ms. Wood appears to have contracted COVID-19 in January 2021 (Dkt. No. 76). Although Ms. Wood recovered from COVID-19, she claimed that she was suffering from long term medical effects as of June 2021, including loss of taste, loss of smell, severe hair loss, weakness, severe indigestion, migraine headaches, and blurred vision (Dkt. No. 79, at 1). She also claimed on-going medical issues related to chronic hypertension, heart medication, and mental health (*Id.*). The United States opposed the motion (Dkt. No. 72). The Court denied the motion because Ms. Wood failed to exhaust her administrative remedies (Dkt. No. 82).

## II.     Third Compassionate Release Motion:  Motion To Reduce Sentence

Ms. Wood then filed her motion to reduce sentence, which this Court construes as a third motion for compassionate release (Dkt. No. 86).  The Court interprets Ms. Wood's pending motion to be a request pursuant to the compassionate release provision of the First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239–40 (2018) (codified at 18 U.S.C. § 3582).  For the following reasons, the Court denies Ms. Wood's third motion for compassionate release.

### A.     Exhaustion Requirement Of The First Step Act

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States,* 560 U.S. 817, 825 (2010) (alterations in original) (quoting 18 U.S.C. § 3582(b)).  Once a district court has pronounced sentence and the sentence becomes final, the district court may only reconsider or alter the sentence pursuant to statutory authority.  *See United States v. Addonizio,* 442 U.S. 178, 189–90 (1979).  The compassionate release provision permits a district court to modify a term of imprisonment after it is imposed.  *See* 18 U.S.C. § 3582(c)(1)(A).

Until passage of the First Step Act, under the then-governing statute, only the BOP could seek from a district court compassionate release on behalf of an incarcerated federal defendant for extraordinary and compelling reasons.  The First Step Act amended the statute to authorize defendants to seek compassionate release on their own behalf, provided that the defendant first asks the BOP to do so and exhausts administrative appeals following denial of this request by the BOP.  *See* 18 U.S.C. § 3582(c)(1).  Specifically, an inmate may seek a compassionate release directly from the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days

from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). The Eighth Circuit Court of Appeals has determined that this requirement is a mandatory claims-processing rule. *United States v. Houck*, 2 F.4th 1082, 1084 (8th Cir. 2021).

Ms. Wood submitted a request for compassionate release to her facility on October 20, 2021, and the warden denied her request for compassionate release due to the COVID-19 pandemic on October 26, 2021. On November 4, 2021, the warden denied Ms. Wood's request for compassionate release due to her family circumstances, noting that she had failed to submit certain documentation regarding her claim. The United States, in its response, acknowledges that this Court has jurisdiction over the request in Ms. Wood's third motion for compassionate release but opposes the request as unwarranted in this case (Dkt. No. 89, at 2).

**B.     Discussion**

This Court may reduce a sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) if, "after considering the factors set forth in section 3553(a) to the extent that they are applicable," the Court finds that either: (1) "extraordinary and compelling reasons warrant such a reduction," or (2) the defendant is at least 70 years old and has served at least 30 years in prison. Although the First Step Act does not define the phrase "extraordinary and compelling," it defers to the United States Sentencing Guidelines, which does set out examples. *See* U.S.S.G § 1B1.13(b). The statute also makes plain that, although it may be considered among other factors, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 944(t).

Further, the Court is required to find that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The policy statement set forth by the Sentencing Commission is that the Court may not reduce a sentence

unless the Court determines that the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3143(g).  U.S.S.G. § 1B1.13(2).

Ms. Wood meets neither the minimum age nor the served-time requirement under the Guidelines, based on the Court's review of this record.  Ms. Wood does not argue that she meets either of these requirements.  Instead, when she filed this third motion for compassionate release, Ms. Wood cited COVID-19 concerns and what she described as a changed circumstance with her children and family obligations.

### 1.  COVID-19

The United States maintains that the existence of COVID-19 does not constitute an extraordinary and compelling reason warranting compassionate release (Dkt. No. 89, at 6).  The United States tendered under seal Ms. Wood's medical records (Dkt. No. 89-1).  Ms. Wood's medical records indicate that she has been fully vaccinated against COVID-19 (Dkt. No. 89, at 5). Further, Ms. Wood tested positive for COVID-19 in January 2021, and her medical records do not demonstrate that she suffered from many, if any, of the symptoms associated with the virus during her quarantine period (Dkt. No. 89, at 5).  To the extent Ms. Wood claims lingering symptoms from the virus, many of her claimed lingering symptoms do not appear to be noted in the medical records (Dkt. No. 89, at 5).

The United States acknowledges in its response, however, that the Department of Justice refined its position on compassionate release so that "an inmate's diagnosis with a medical condition that the CDC has identified as a risk factor for COVID-19, and from which the inmate is not expected to recover, presents an 'extraordinary and compelling reason[]' that may warrant compassionate release if other criteria are also met."  18 U.S.C. § 3582(c)(1)(A).  The United States maintains that, even if the Court could reasonably find the existence of an extraordinary and

compelling reason, the remaining criteria would not be satisfied here to support compassionate release because the sentencing factors listed in 18 U.S.C. § 3553 do not support granting compassionate release and because, according to the United States, Ms. Wood would pose a danger to the community were she released (Dkt. No. 89, at 6).

### 2. Family Circumstances

Ms. Wood also cites in support of her request for compassionate release that she has six children in the care of her mother and that the father of two of the children has died. The United States maintains that these circumstances do not warrant granting Ms. Wood compassionate release (Dkt. No. 89, at 6). The United States observes that the children likely were in the custody and care of Ms. Wood's mother for approximately two years prior to Ms. Wood's incarceration for the instant offense (Valent Wood, PSR ¶ 54). As this Court has observed, hardships on a family because a defendant chose to engage in criminal behavior and is incarcerated as a result are not unique to Ms. Wood.

On the current record before it, the Court declines to find that Ms. Wood establishes extraordinary and compelling reasons for compassionate release based on her COVID-19 arguments and her current exhausted arguments related to her family circumstances. Further, even if Ms. Wood were able to establish extraordinary and compelling reasons, the Court would deny her motion based on consideration of the 18 U.S.C. § 3142(g) and 18 U.S.C. § 3553(a) factors, specifically the nature and circumstances of the offense, the history and characteristics of Ms. Wood, and protecting the public from additional crimes by Ms. Wood.

### C. Request For Home Confinement

To the extent Ms. Wood seeks as a part of her third motion for compassionate release a transfer to home confinement to complete the remainder of her sentence (Dkt. No. 97, at 2), and

not a reduction of her sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), the Court lacks jurisdiction to grant such relief.  *See United States v. Roberts*, Case No. 3:20-cr-148, 2023 WL 3247544, at *3 (D. N.D. May 4, 2023) (citing a lack of jurisdiction to consider a request for home confinement).

### III.     Fourth Compassionate Release Motion:  Motion For Release From Custody

While her third motion for compassionate release has been pending, Ms. Wood filed a motion for release from custody, which this Court construes as a fourth motion for compassionate release (Dkt. No. 98).  For the following reasons, the Court denies without prejudice Ms. Wood's fourth motion for compassionate release based on exhaustion.

There is no evidence in the record before the Court that Ms. Wood presented the changed circumstances that she cites now before the Court in support of her fourth motion for compassionate release to the BOP for consideration before filing this fourth request for compassionate release.  Her fourth motion cites the mental health of several of her children and the physical disabilities of one or more of her children (Dkt. No. 98).  Ms. Wood cites verification of her mother's health and a letter or verification of her child's special needs care (*Id.*).  She also cites classes completed and her conduct while in custody as additional reasons that support her release (*Id.*).  There is no indication in the record before the Court that Ms. Wood has informed the BOP of all of these current issues so as to permit the BOP to pass first on whether compassionate release is appropriate for Ms. Wood under these claimed changed circumstances.  Further, the United States raises in its opposition to the motion that Ms. Wood has failed to satisfy the exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A) (Dkt. No. 103, at 2-3).

This Court acknowledges that, in *United States v. Houck*, 2 F.4th 1082 (8th Cir. 2021), the Eighth Circuit Court of Appeals was confronted with a newly filed, first request for compassionate release, not a second or subsequent request like Ms. Wood currently has pending.  Regardless, this

Court determines that, on the record before it, the better course is for the Court to dismiss without prejudice Ms. Wood's fourth motion for compassionate release to permit Ms. Wood to raise with the BOP first the changed circumstances she cites in support of her fourth request for compassionate release. If when confronted with Ms. Wood's current claims regarding changed circumstances the BOP rejects her request for compassionate release or fails to act within 30 days, Ms. Wood may refile her fourth request for compassionate release with this Court.

Further, on Ms. Wood's behalf, her mother submitted various medical records related to Ms. Wood's minor children and her mother while Ms. Wood's third motion for compassionate release was pending after that motion became ripe. The Court makes these records a sealed exhibit in this case, sending an under seal copy to Ms. Wood and to counsel for the United States (Dkt. No. 104). Because it is not clear that these records were shared with the United States prior to the Court's doing so, the Court will consider these records in conjunction with an exhausted fourth motion for compassionate release, if Ms. Wood opts to file one.

## IV.  Conclusion

For the following reasons, the Court denies Ms. Wood's third motion for compassionate release (Dkt. No. 86) and denies without prejudice due to failure to exhaust Ms. Wood's fourth motion for compassionate release (Dkt. No. 98).

It is so ordered this 6th day of March, 2024.

_Kristine G. Baker_
Kristine G. Baker
Chief United States District Court Judge